### *William Lowry* v. *Andrew Lawrence.*

ON demurrer. The memorandum was of another term.

*Be it remembered,* that heretofore, to wit, on the third *Tuesday* of *July,* in *July* term, in the year of our Lord one thousand eight hundred and one, &c. came *William Lowry,* and brought into the said court then there his certain bill, &c.

The declaration was on a bill of exchange, made in 1797, presented for acceptance on the first of *October*, 1801, and refused, of which notice to the defendant, who, on the 11th of *October* promised.

May Term, 1803.

To this the defendant demurred, and showed for cause, that although the said declaration is entitled of the term of *July*, in the year of our Lord one thousand eight hundred and one, yet the said several promises and undertakings in the said declaration mentioned, are therein stated to have been made on the eleventh day of *October*, in the year last aforesaid, which is subsequent to the time of the exhibiting the *declaration* of the said *William* against the said *Andrew*, and for that it appears, by the said declaration, that the pretended causes of action therein specified had not, nor had either of them accrued to the said *William* at the time of the exhibiting his *said bill* in manner aforesaid. The defendant insisted, that by the practice of this court, the suing out the writ was the commencement of the action ; and if so, the declaration showed on the face of it, no cause of action when the suit was commenced.

*Ogden*, for the plaintiff. It is contended on the part of the plaintiff that nothing appears on this record to warrant a judgment for the defendant.

By the course of the court the *filing* of the bill is the commencement of the action in a legal sense.

The *latitat* is considered only as process.

2 *Burr.* 950. *Johnson & al.* v. *Smith.* See Lord *Mansfield's* opinion, 961.

May Term,      The action is not deemed to be commenced until
1803.      the bill is filed, though the real time of suing out the

Cowper 454.    *latitat* is allowed to be shown, where it becomes ma-
Foster v. Bon-
ner.      terial; as to prevent the running of the statute of li-
mitations, &c.   If such a necessity existed in this
case  he actual time of suing out the final process
might have been shown by plea.   But where it does
not exist the fiction of law will be preserved, and es-
pecially so when it is in furtherance of justice.   On
this occasion, the true question therefore is, when, in
a legal or technical sense, was this action commen-

1 Comyn's   ced?   This can only be ascertained by showing the
Digest, 103.
Mod. Cases   time of *filing the bill*.   The time of filing the bill
33.      may be examined into to show the time of commen-
cing the action.   It ought to have been shown by
pleading in this case.   Not being shown, the court
are at liberty to presume that it was after the cause of
action accrued.   The caption of the declaration is
matter of fiction, and not conclusive upon either party.
If it be conclusive, all actions by bill of privilege ; ac-
tions against attornies of the court ; actions against
absent or absconding debtors, giving security to ap-
pear to any declaration which may be filed by the pe-
titioning creditor, would be defeated in all cases in
which the cause of action accrued, during the vaca-
tion in which the declaration is filed.   Because, in all
these cases, the declaration is entitled of the preceding
term, and must necessarily be stated in the memoran-
dum to have been brought into court of that term.—
This doctrine involves no hardship upon the defend-
ant ; because, if in the first instance process be issu-
ed before the cause of action accrued, a judge will
discharge on common bail.   So if the bill filed before
cause of action accrued, the actual time of filing it may

be shown and pleaded in abatement or in bar. In this case it does not necessarily follow, that the cause of action did not accrue before the commencement of the action, and the time of that commencement not being shown, the court are at liberty, and ought to presume it to have accrued afterwards.

In addition to this general reasoning on this sub- ject, it may be observed that, in this instance, the real cause of action is stated to have occurred in 1797 ; being the date of the bill of exchange and long prior to the issuing of process. It is the assumption, found- ed on that undertaking, which is stated to have been made in *October*, 1801 ; and the time of the promise being wholly immaterial, the court will, in this cir- cumstance, see an additional motive for adopting the principle contended for by the plaintiff.

*Per Curiam.* This case comes before the court on demurrer. It was an action of assumpsit, and the declaration captioned of *July* term, 1801. The time laid in the declaration, at which the cause of action arose, is on the 11th day of *October*, 1801. To this there is a special demurrer, alleging for cause, that the action appears from the declaration to have commen- ced before cause of action arose. It is, we take it, well settled, that if the plaintiff, *at the commencement* of his suit, had no cause of action, a subsequent right would not maintain his action. And it has been set- tled in this court, in the case of *Carpenter* v. *Butter- field*, that as to every material purpose, the issuing the writ was the commencement of the suit—so that a

May Term,
1803.
note purchased by the defendant after that time could not be set off against the plaintiff's demand.*

* See Cry-
giers v. Long,
ante, p. 106.

The declaration must be captioned of the term when the writ is returned served. This point is settled in the case of *Smith* v. *Muller*, and it is there also determined, that the plaintiff cannot recover any demand, after the term, when the writ is returnable, though, before the declaration is *actually filed.* Justice *Buller* there says, according to the ancient practice, the declaration was actually delivered, the same term the writ was returned, and it was only in ease of the plaintiff that the time of actual delivery was enlarged, but still it must be considered as delivered *nunc pro tunc.*

Upon the principles of these authorities, therefore, it must appear from the face of the declaration in this cause, and the court must necessarily intend the facts, that the writ was returned in *July* term, 1801, and of course the action, both in fact, and technically speaking, commenced previous to that time. But the plaintiff alleges his cause of action to have arisen on the 11th of *October* thereafter. We think, therefore, it appears upon the face of the record, that the action, was commenced before the right of action ac crued. The time of actually filing the declaration cannot, as contended by the plaintiff's counsel, be considered the commencement of the suit ; if, therefore, the defendant, by plea, had put the fact in issue, it would have been an immaterial fact ; all the material facts appear by the plaintiff's own showing. In the case of *Ward* v. *Honeywood*, the judgment was reversed on writ of error, on the ground that it appeared on

Doug. 61.
that case was
on marshal-
sea process,

the face of the record, that there was no cause of action when the suit was commenced—if this would be error after judgment, advantage may certainly be taken of it by demurrer.

We are therefore of opinion that judgment ought to be for the defendant.

LIVINGSTON, J. In *England* it is settled, that the filing of a bill or declaration is to be regarded for every essential purpose as the commencement of a suit, Vid. *Cowp.* 454—but in *Carpenter* v. *Butterfield*, decided by the court, a different rule was adopted.— The issuing of a writ was there considered as the beginning of an action, so much so that the defendant was not permitted to set off against the plaintiff's demand, a note which he had obtained for valuable consideration between the sealing of the process and the arrest. This rule, to operate fairly, must be mutual —if an action begins by issuing a writ so as to deprive the defendant of a set-off in the case mentioned, neither ought the plaintiffs to recover a demand not *then* due. My judgment, therefore, in favour of the defendant, is not founded on *British* authorities, but entirely on a former decision of our own.

*May Term, 1803.*

where the proceedings are by *plaint*, and in an inferior court the *plaint* is as an *original.* Savage v. Knight, 1 Leon. 302. See the observation of Ashhurst, J. in Doug. 62.